IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 3:14-cr-00016 |
| v. ) | |
| ) | By: Michael F. Urbanski |
| DANIEL LAMONT MATHIS, ) | Chief United States District Judge |
| SHANTAI MONIQUE SHELTON, ) | |
| MAISHA LOVE UHURU, and ) | |
| KWELI UHURU, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Defendants Daniel Mathis ("Mathis"), Shantai Shelton ("Shantai"), Maisha Uhuru (f/k/a Mersadies Shelton) ("Mersadies"), and Kweli Uhuru ("Kweli") are scheduled to be resentenced on October 13, 2021, following remand by the United States Court of Appeals for the Fourth Circuit. The matter is presently before the court on the defendants' motions for resentencing under § 403 the First Step Act of 2018, which amended the sentencing scheme prescribed by 18 U.S.C. § 924(c). The defendants argue that the amended version of § 924(c) should be applied on resentencing. For the reasons stated herein, the court will **GRANT** the defendants' motions.

**I.**

On February 24, 2016, following a multi-week trial, a jury convicted Mathis, Shantai, Mersadies, Kweli, and two codefendants of conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(d), based on their activities related to a violent street gang. Mathis, Shantai, Mersadies, and Kweli (collectively referred to an appeal as the capital defendants) also were convicted, in relation to the kidnapping and murder of an

off-duty police officer, of violent crimes in aid of racketeering activity in violation of 18 U.S.C. § 1959 (VICAR), as well as witness tampering by means of murder in violation of 18 U.S.C. § 1512(a). Additionally, Mathis, Shantai, and Mersadies were convicted of Hobbs Act robberies in violation of 18 U.S.C. § 1951(a) and other VICAR offenses in violation of 18 U.S.C. § 1959, and all four capital defendants were convicted of various counts of brandishing and/or discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c).

On September 19, 2016, the capital defendants were sentenced to terms of life imprisonment, plus consecutive sentences for their convictions under § 924(c). Mathis, Shantai, and Mersadies were sentenced for multiple § 924(c) convictions. They received a 7-year sentence for the first conviction and 25-year consecutive sentences for each of the subsequent convictions.

On direct appeal, the defendants raised several challenges concerning their trial and sentences. On July 31, 2019, the Fourth Circuit "affirm[ed] in part the district court's judgment, vacate[d] the capital defendants' Section 924(c) convictions predicated on their VICAR convictions for kidnapping under Virginia law, and remand[ed] for resentencing of those capital defendants, namely Mathis, Shantai, Mersadies, and Kweli." United States v. Mathis, 932 F.3d 242, 268 (4th Cir. 2019); see also id. at 249–50 ("Upon our review of these arguments, we vacate in part with respect to the capital defendants' convictions that are predicated on commission of kidnapping under Virginia law. Accordingly, we also remand the capital defendants' convictions for resentencing.").

While the four defendants were awaiting resentencing, the case was transferred to the undersigned. On August 5, 2021, the court held a status conference regarding the upcoming resentencing hearings. At the time of the status conference, Mathis and the government had fully briefed Mathis's motion for resentencing under § 403 of the First Step Act. Following the status conference, the court gave Shantai, Mersadies, and Kweli an opportunity to join in the motion and/or file supplemental briefing on the applicability of the Act's amendments to 18 U.S.C. § 924(c). That issue is now before the court for resolution.

## II.

Section 924(c) makes it unlawful to use or carry a firearm during and in relation to a crime of violence. 18 U.S.C. § 924(c)(1)(A). A conviction for a single count of using or carrying a firearm during and in relation to a crime of violence carries a mandatory minimum term of imprisonment of "not less than 5 years," which must be served consecutively to any other sentence. Id. § 924(c)(1)(A)(i), (c)(1)(D)(ii). The mandatory minimum is elevated to "not less than 7 years" if the firearm was "brandished." Id. § 924(c)(1)(A)(ii). And if the firearm was "discharged," the mandatory minimum term of imprisonment is "not less than 10 years." Id. § 924(c)(1)(A)(iii).

Prior to the enactment of the First Step Act, § 924(c) provided that each "second or subsequent conviction" under the provision would subject the defendant to a consecutive sentence "of not less than 25 years." 18 U.S.C. § 924(c)(1)(C)(i) (2018) (amended Dec. 21, 2018). The Supreme Court held that the phrase "second or subsequent conviction" referred to a finding of guilt prior to the entry of a judgment of conviction, meaning that multiple § 924(c) convictions within the same proceeding triggered the enhanced mandatory minimum.

Deal v. United States, 508 U.S. 129, 132–33 (1993). Consistent with the Supreme Court's interpretation, Mathis, Mersadies, and Shantai received 25-year consecutive sentences for their subsequent convictions under § 924(c), even though the convictions arose out of the same indictment as their first convictions.

While the defendants' appeals were pending, Congress enacted the First Step Act. Section 403(a) of the First Step Act amended § 924(c) "so that the 25-year mandatory minimum for a second or subsequent offenses applies only when a prior conviction under § 924(c) already 'has become final.'" United States v. Jordan, 952 F.3d 160, 171 (4th Cir. 2020) (citing Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5222 (Dec. 21, 2018)). "Under the First Step Act, in other words, the 25-year mandatory minimum is reserved for recidivist offenders, and no longer applies to multiple § 924(c) convictions obtained in a single prosecution." Id. According to the defendants, the First Step Act's amendments should apply to them on resentencing, which would mean that none of the § 924(c) counts for which they were convicted would be subject to a 25-year mandatory minimum sentence. The government disagrees, arguing that the court should apply the former version of § 924(c).

The parties' dispute centers on § 403(b) of the First Step Act, which addresses the circumstances under which § 403(a) will apply to pre-enactment cases. That provision reads as follows:

> APPLICABILITY TO PENDING CASES.—This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

4

Pub. L. No. 115-391, § 403(b), 132 Stat. at 5222 (emphasis added). Because the defendants were originally sentenced in 2016, the government contends that "a sentence" was imposed prior to the enactment of the First Step Act and that the Act's amendments to § 924(c) therefore do not apply on resentencing. Mathis and his codefendants, on the other hand, argue that the Fourth Circuit remanded their convictions for resentencing without limiting the scope of the remand and that the court will be writing on a clean slate when it resentences them. In other words, the defendants contend that the end result of each defendant's resentencing will be an entirely new sentence and that the new sentence will be imposed after the date of the enactment of the First Step Act. After considering the parties' arguments and applicable case law, the court concludes that the First Step Act's amendments to § 924(c) should be applied on resentencing in this case.

It is undisputed that Mathis, Shantai, Mersadies, and Kweli are each entitled to a de novo resentencing. As indicated above, the Fourth Circuit remanded their "convictions for resentencing" without limiting the remand to specific issues. Mathis, 932 F.3d at 249–50. The Fourth Circuit has explained that "[s]uch a 'general remand' for resentencing, which does not place any limitations on the district court, in effect orders a de novo resentencing." United States v. Perez, 493 F. App'x 432, 435 (4th Cir. 2012) (citing Pepper v. United States, 562 U.S. 476, 506 (2011)); see also United States v. Fields, 552 F.3d 401, 404 (4th Cir. 2009) (holding that a remand order "essentially mandated that the court conduct a de novo resentencing" since the Fourth Circuit "did not limit [the] remand order to a specific issue"). Other circuits have offered similar guidance. See, e.g., United States v. Uriarte, 975 F.3d 596, 600 n.2 (7th Cir. 2020) ("In [our previous decision], we stated: 'We VACATE the sentence[] of . . . Hector

5

Uriarte on count 8 and REMAND for resentencing consistent with this opinion.' This broad language mandates a complete resentencing.") (quoting United States v. Cardena, 842 F.3d 959, 1002 (7th Cir. 2016)); United States v. McFalls, 675 F.3d 599, 606 (6th Cir. 2012) ("A general remand effectively wipes the slate clean. Indeed, a general remand gives the district court authority to redo the entire sentencing process.") (citations omitted). Consistent with these decisions, the parties agree that the court must conduct a de novo or plenary resentencing hearing and completely resentence the defendants.[1]

"While various courts of appeals are split on whether § 403(a) applies at resentencing following remand," United States v. Waite, ___ F.4th ___, 2021 WL 3870712, at *11 (2d Cir. 2021),[2] the Fourth Circuit's reasoning in United States v. Bethea, 841 F. App'x 544 (4th 2021), supports the defendants' position on this issue. In Bethea, the Fourth Circuit considered the applicability of the First Step Act to a defendant's resentencing following vacatur of the defendant's original sentence under 21 U.S.C. § 841(b)(1)(A). 841 F. App'x at 547–50. The defendant, Rayco Bethea, "was originally sentenced in 2015, but the district court vacated and reimposed his judgment in 2019 to allow Bethea to file a direct appeal." Id. at 545. On appeal, Bethea argued "that amendments to § 841 made by the First Step Act of 2018 should have applied to the district court's reentry of judgment following the vacatur of his 2015 sentence." Id. The Fourth Circuit agreed with Bethea, reasoning that "the district court's vacatur and

---

[1] The government advised the court of its position on the scope of the remand during the status conference on August 5, 2021.

[2] See also United States v. Eldridge, 2 F.4th 27, 41 n.17 (2d Cir. 2021) (summarizing the circuit split).

reentry of judgment nullified Bethea's original sentence such that a sentence cannot legally be said to have been imposed until 2019," after the enactment of the First Step Act. Id. at 550.

In reaching its decision, the Fourth Circuit rejected the same argument that the government advances in this case with respect to § 403(b)—namely, that "a sentence" was imposed before the enactment of the First Step Act, rendering Section 403(a) inapplicable.[3] Id. at 549 (internal quotation marks omitted). The Fourth Circuit emphasized that "it does not follow from Congress's use of an indefinite article that 'a sentence' means any sentence, even if later vacated, id., and that if "Congress intended to draw the line at individuals 'initially sentenced' before the FSA's enactment, it surely could have done so." Id. at 552; see also id. at 549 ("Although true that Congress did not use a phrase such as 'the sentence,' 'the ultimate sentence,' or 'the final sentence'—any one of which would suggest courts look to the latest sentence imposed—neither did it use a phrase such 'any sentence,' 'the first sentence,' 'the initial sentence,' or 'the original sentence'—any one of which would be more suggestive of the government's proposed interpretation.") (citing Uriarte, 975 F.3d at 604). The Fourth Circuit ultimately determined that "the requirement that 'a sentence for the offense [has] not been imposed as of such date of enactment' is best understood to preclude an appellant from using the FSA to challenge a pre-FSA sentence on appeal." Id. at 551 (citations omitted). "But when individuals . . . have their original sentence nullified . . . , [a]ny new sentence imposed after enactment must comply with the FSA's requirements." Id.

---

[3] Although Bethea involved the application of § 401(c) of the First Step Act rather than § 403(b), the Fourth Circuit recognized that the provisions "use identical language" and therefore assumed that "both provisions have the same meaning." Bethea, 841 F. App'x at 548 n.5.

7

Although Bethea is not binding, the unpublished opinion is persuasive and instructive authority, and the court will extend its reasoning to the instant case. See United States v. Hammand, 912 F.3d 658, 662 (4th Cir. 2019) (noting that unpublished decisions may constitute persuasive authority). As previously summarized, the Fourth Circuit vacated the capital defendants' § 924(c) convictions that were predicated on the commission of kidnapping and "remand[ed] the capital defendants' convictions for resentencing." Mathis, 932 F.3d at 250. The parties agree, and case law supports the conclusion that a complete resentencing is required. Thus, the end result of the resentencing hearings will be an entirely new sentence for these four defendants. Because the new sentences will be imposed after the date of enactment of the First Step Act, they "must comply" with the Act's requirements. Bethea, 841 F. App'x at 551. Accordingly, the court will apply the amended version of § 924(c) when it resentences the defendants.

In so ruling, the court has considered the fact that other circuits have not taken the approach of the Fourth Circuit in Bethea. For example, in United States v. Jackson, 995 F.3d 522 (6th Cir. 2021), the Sixth Circuit vacated a district court's application of the new § 924(c) provisions of the First Step Act to a resentencing following vacatur of one of defendant's three § 924(c) convictions. The Sixth Circuit observed that on the day the First Step Act was enacted, a sentence had been imposed on defendant. "That we later vacated his first sentence does not alter Jackson's status on the day the First Step Act became law. For that reason, we again vacate his sentence and remand for resentencing." Id. at 523. In so doing, the Sixth Circuit in Jackson expressly considered and "part[ed] ways with the Fourth Circuit's contrary conclusion in United States v. Bethea." Id. at 525. See also Uriarte, 975 F. 3d at 602 n.3 ("Although Mr.

8

Uriarte, who was sentence-less when the First Step Act was enacted, falls neatly within the statute's language, the same would not be true for a defendant who was under a sentence at the time of enactment, but subsequently had his sentence vacated. Nevertheless, that scenario is not before us."). As such, there is a circuit split. Although Bethea is unpublished, it is the only guidance from the Fourth Circuit on this issue, and the court will follow the majority opinion in Bethea.

### III.

For these reasons, the defendants' motions for resentencing under § 403 the First Step Act (ECF Nos. 1013, 1049, 1112, 1114, and 1129) are **GRANTED**. An appropriate Order will be entered.

Entered: October 1, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.10.01 15:53:29
-04'00'

Michael F. Urbanski
Chief United States District Judge